


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

HELEN ALLEN,

    Plaintiff,

1:25-cv-10438
Judge Virginia M. Kendall
Magistrate Judge Keri L. Holleb Hotaling
RANDOM / Cat. 2

v.

Case No.: _____

Judge: _____

CASS CASPER ESQ

DISPARTI LAW GROUP

    Defendant.

COMPLAINT FOR LEGAL MALPRACTICE

I. PARTIES

Plaintiff, Helen Allen, is an individual residing in Suffolk, Virginia.

Defendant Cass Casper is an attorney licensed in Illinois, with principal place of business at 121 West Wacker Drive, Suite 2300, Chicago, Illinois, 60601.

II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as Federal Diversity Jurisdiction exists. Plaintiff is a citizen of Virginia and Defendant is a citizen of Illinois. The amount in controversy exceeds $75,000, exclusive of interest and costs.

III. VENUE

Defendant resides in this district and events giving rise to this action occurred in this district. Venue is therefore proper pursuant to 28 U.S.C. § 1391(b)(1)-(2).

IV. FACTUAL ALLEGATIONS

Plaintiff initially filed action pro se, after severing her case from Class Action 14-cv-08708 Allen v. FMC. Plaintiff received new case number 21-cv-00962 Allen v. FMC.

Court granted Plaintiff permission to amend complaint, affirming that all previously filed counts may be reasserted.

Plaintiff retained Attorney Cass Casper under an attorney-client relationship.

Attorney Cass Casper assured Plaintiff they would review amended complaint before filing.

Despite assuring Plaintiff, Defendant filed an amended complaint that omitted critical counts previously approved by the court.

When Plaintiff identified the omissions, Defendant delayed making necessary corrections past the court's deadline.

Plaintiff's persistent demand for corrections was not addressed in a timely manner, thus negatively impacting her case.

Plaintiff terminated Attorney Casper the day after he finally restored the original counts.

Further, Defendant refused to request court transcripts and other key documents that substantiated Plaintiff's claims.

When asked to obtain sealed transcripts to establish judicial and attorney misconduct, Defendant refused, stating he did not want to anger judges or attorneys.

Further, Defendant acted in conflict and divided loyalty. He secured a settlement for another client whose case was pending for trial by leveraging Plaintiff's case, thus ignoring Plaintiff's interests.

Defendant prioritized settlement discussions for other Ford Motor Company litigants instead of preparing Plaintiff's case for trial.

Defendant, on different occasions, failed to follow Plaintiff's instructions. He repeatedly disregarded Plaintiff's instructions on case strategy and necessary filings.

These acts constitute legal malpractice, breach of fiduciary duty, conflict of interest, failure to follow client instructions, and inadequate legal representation.

V. CAUSES OF ACTION

COUNT I – Legal Malpractice (Failure to Amend Complaint)

19. Plaintiff incorporates paragraphs 1 to 18 as if fully set forth herein.

20. Defendant breached his legal duty to provide competent representation by omitting critical legal claims which inherently weakened Plaintiff's case, diminishing her ability to seek legal redress.

COUNT II – Breach of Fiduciary Duty (Delay in Correcting Errors & Failure to Investigate)

21. Plaintiff incorporates paragraphs 1 to 20 as if fully set forth herein.

22. Defendant delayed making necessary corrections past the court's deadline and refused to request transcripts or other key evidence needed for litigation.

COUNT III – Conflict of Interest / Divided Loyalty

23. Plaintiff incorporates paragraphs 1 to 22 as if fully set forth herein.

24. Defendant breached his duty to avoid conflicts of interest by leveraging Plaintiff's case to benefit other clients rather than preparing Plaintiff's case for trial.

COUNT IV – Failure to Follow Client Instructions

25. Plaintiff incorporates paragraphs 1 to 24 as if fully set forth herein.

26. Defendant repeatedly refused to follow Plaintiff's instructions, including reviewing amended complaints before filing and requesting critical documents.

COUNT V – Negligent & Inadequate Representation

27. Plaintiff incorporates paragraphs 1 to 26 as if fully set forth herein.

28. Defendant failed to correct errors in a timely manner, neglected to obtain vital evidence, and prioritized other litigants' settlements over Plaintiff's case.

VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

Enter judgment for Compensatory Damages in favor of Plaintiff in an amount to be determined at trial.

Award Consequential Damages for loss of potential legal claims and adverse financial consequences resulting from Defendant's actions.

Award punitive damages due to Defendant's recklessness and willful misconduct.

Award court costs.

Award any other relief the Court deems just and proper.

VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues triable.

Dated: August 29, 2025

Respectfully submitted,

/s/ Helen Allen

Helen Allen

9630 Pineview Road

Suffolk, Virginia 23437

(202-270-2338